FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD SHOWALTER, AKA Edward
R. Showalter, AKA Edward Richard
Showalter, Jr., AKA Edward Richard
Showalter,

Defendant - Appellant.

No. 12-50504

D.C. No. 8:06-cr-00129-AG-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted June 5, 2014[**]
Pasadena, California

Before: KOZINSKI, Chief Judge, and TROTT and CALLAHAN, Circuit Judges.

Showalter pleaded guilty to one count of wire fraud in violation of 18 U.S.C.

§ 1343, for which he was sentenced to 151 months imprisonment plus three years

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of supervised release. On appeal, we affirmed (1) the district court's denial of his motion to withdraw his plea, and (2) the court's determination that the "actual" or "intended" loss attributable to Showalter's fraud exceeded $7 million. However, we vacated Showalter's sentence because the district court did not adequately determine that there were 50 or more victims of his crime. See U.S.S.G. § 2B1.1(b)(2)(B); United States v. Showalter, 569 F.3d 1150, 1160 (9th Cir. 2009).

On remand, the district court conducted a new sentencing hearing and resentenced the defendant to 151 months imprisonment, $15,418,500 in restitution, and three years of supervised release. We affirm.

The district court did not err in calculating Showalter's guidelines range. See United States v. Ali, 620 F.3d 1062, 1073 (9th Cir. 2010). Suffice it to say that the district court carefully and thoroughly considered all the evidence before it, evidence which we find more than convincing and sufficient to support its determination that there were 50 or more victims of Showalter's fraud. Special Agent Whelan's detailed investigation, evidence, and sworn testimony, his spreadsheet analysis, the letters reviewed from victims and the victims who submitted impact statements left no doubt as to the number of victims in this case. The district court called the evidence "overwhelming." We agree. We note that although given an opportunity to cross-examine Special Agent Whelan, counsel for

Showalter declined to do so. The court even re-examined the amount of loss involved and came to the same conclusion: in excess of $7 million.

Showalter raises additional claims of error involving his plea agreement. Because he did not raise these claims in his first appeal, they are waived. See United States v. Nagra, 147 F.3d 875, 882 (9th Cir. 1998). In any event, they have no merit.

**AFFIRMED.**